# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SAVAGE, | ) 1:11cv0599 AWI DLB PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION ) REGARDING DISMISSAL OF ACTION |
| vs. | ) FOR FAILURE TO STATE ANY CLAIMS |
| THOMAS VILLAGRANA, | ) THIRTY-DAY OBJECTION DEADLINE |
| Defendant. | ) |

Plaintiff Mark Savage ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis in this civil rights action, filed his complaint on April 14, 2011. On September 19, 2011, the Court dismissed the complaint with leave to amend. Plaintiff filed his First Amended Complaint on November 9, 2011. He names Thomas Villagrana as the sole Defendant.

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

B.   **SUMMARY OF COMPLAINT**

According to Exhibit C, cited by Plaintiff, Defendant Villagrana completed a Work Supervisor's Report on December 1, 2009. In reviewing Plaintiff's work performance, Defendant Villagrana noted, "Inmate needs to limit his complaints to work-related justifiable situations, not personal problems." Exh. C, attached to Complaint. Plaintiff alleges that Defendant was aware of verbal complaints that Plaintiff made against him and that Defendant ultimately filed a false Rules Violation Report ("RVR") accusing Plaintiff of spitting into the peanut butter machine. Plaintiff states that his verbal complaints related to Defendant's lack of proper work supervision.

Plaintiff alleges that on January 19, 2010, he was placed into Administrative Segregation ("Ad-Seg") based on Defendant's false RVR. The RVR, dated January 17, 2010, states that Defendant Villagrana was Plaintiff's supervisor at the Prison Industry Authority. Defendant Villagrana alleges that he was reviewing surveillance video and saw Plaintiff "spit into the

product inside the hopper." Exh. B, attached to Complaint. At the time of his Ad-Seg placement, he had not received the RVR and had not been found guilty of any rule violation.

Plaintiff was released from Ad-Seg on July 1, 2010, served with the RVR, afforded a hearing and found not guilty of the false charges on July 13, 2010. Plaintiff cites Exhibit B, where the hearing officer determines that after careful review of the video footage, "it is impossible to make the determination that he spit into the machine." Exh. B, attached to Complaint.

Plaintiff contends that his due process rights were violated because he did not receive an opportunity to be heard in a timely and meaningful manner, and he notes that prison officials waited over 5 months to view videotape evidence that they had in their possession. During his time in Ad-Seg, Plaintiff lost personal property and privileges that he would not have otherwise lost had prison officials timely reviewed the evidence.

Plaintiff also alleges that Defendant Villagrana retaliated against him in violation of the First Amendment.

C.      **ANALYSIS**

   1.   *Due Process Violation*

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation. Id., at 564-571. These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.

With respect to placement in Ad-Seg, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that

prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. Further, "due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

Plaintiff's due process claim revolves around his belief that he was placed into Ad-Seg without a finding of guilt. Specifically, citing Wolff, he alleges that his due process rights were not given to him in a timely and meaningful manner. According to Plaintiff, "prison officials must allow the prisoner to be heard in a timely manner in order to establish either the innocence or guilt of the accused but, in the case at bar, even though prison officials had possession of the video tape evidence that conclusively proved Plaintiff's innocence, they waited five and a half months to review the evidence." Complaint, at 3.

At first glance, it would appear that Plaintiff has stated a claim for violation of due process. However, the exhibits to which Plaintiff cites paint a different picture. The January 17, 2010, RVR for destruction of state property valued over $500.00, states that a final damage cost report will be forwarded for prosecution purposes. The RVR was referred for felony prosecution, and on January 27, 2010, Plaintiff signed a form requesting *postponement of the disciplinary hearing* pending the outcome of the referral for prosecution. Exh. B, attached to Complaint. The district attorney rejected the case and on June 7, 2010, and Plaintiff was given a copy of the rejection on June 27, 2010. Exh. B, attached to Complaint.

Plaintiff's request to postpone the hearing therefore wholly undermines his allegation that he was not afforded a timely and meaningful opportunity to be heard. Indeed, the delay was of Plaintiff's own choosing. If Plaintiff suggests that prison officials should have reviewed the

video and made a determination of guilt or innocence immediately, regardless of his decision to postpone the hearing, his claim ignores the context in which such determinations are made. Findings of guilt or innocence are not made in a vacuum, and Plaintiff's agreement to postpone the hearing effectively postponed a finding of guilt or innocence.

Additionally, Plaintiff failed to name any Defendant involved in the disciplinary hearing process. To state a claim, Plaintiff must demonstrate a link between actions or omissions of each named Defendant and the violation of his rights. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Defendant Villagrana was not involved in the disciplinary hearing process and Plaintiff does not identify any other Defendant.

For these reasons, Plaintiff's due process allegations do not state a claim for which relief may be granted. Based on the facts before the Court, Plaintiff is not able to amend his claim to cure these deficiencies.

2.  *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Speech can be chilled even when not completely silenced and the question is "whether an official's acts would chill or silence a person of ordinary

firmness from future First Amendment activities." Rhodes, 408 F.3d at 568 (citing Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir.1999)).

Plaintiff's claim of retaliation is based on his allegation that Defendant Villagrana retaliated against him for his verbal complaints by filing a false RVR. He contends that Defendant Villagrana's Work Supervisor Report in which he suggested that Plaintiff be limited to justifiable complaints, demonstrates that he knew of Plaintiff's past complaints and was unhappy about them. He also points to the 46 days between the Work Supervisor's Report and the RVR as evidence that Defendant Villagrana's actions were in retaliation for Plaintiff's prior verbal complaints.

Plaintiff's claim fails for two reasons. First and most importantly, he only alleges that he made verbal complaints against Defendant Villagrana. There is no protected First Amendment to simply make verbal complaints in the prison context. Plaintiff did not allege that he filed a grievance or that he threatened to file a grievance, and he has therefore failed to allege a protected activity.

Second, Plaintiff cannot show that the alleged retaliation had a chilling effect. He does not allege that Defendant Villagrana's acts prevented him from filing a grievance, and while allegations of harm sometimes suffice to infer a chilling effect, Plaintiff's extended Ad-Seg term appears to be of his own doing. As explained above, Plaintiff decided to postpone his hearing pending the investigation by the district attorney and this, in turn, extended his Ad-Seg detainment.

Plaintiff has been given one opportunity to amend and has failed to correct the previously identified deficiencies.

**RECOMMENDATION**

Plaintiff fails to state any cognizable claims against any Defendant. Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified. However,

he appears unable to state a claim and therefore further leave to amend should not be granted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.   This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2.   This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 30, 2013**            /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE